IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 9 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| YOLANDA P. VELA | § | |
| AND ROBERT VELA, JR. | § | |
| | § | CIVIL ACTION NO. **B-03-106** |
| VS. | § | |
| | § | |
| BANK ONE, NA | § | |

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant Bank One, NA ("Bank One"), a named defendant in a civil action now pending in State Court, files this Notice of Removal of a civil action brought against it by Yolanda P. Vela and Robert Vela, Jr. ("Plaintiff"). The grounds in support of this Notice of Removal of Civil Action are as follows:

1.      Bank One is a named defendant in a civil action filed on or about May 14, 2003, in the County Court at Law No. 3; Cameron County, Texas ("State Court Action"). (A true and correct copy of the Plaintiffs' Original Petition is attached hereto as Exhibit "A" and incorporated herein for all purposes.)

2.      Bank One received a copy of the initial pleading on or about May 19, 2003 when a copy of the petition was served on CT Corporation System, Dallas, Texas. This Notice of Removal of Civil Action is timely pursuant to 28 U.S.C. §1446(b) because the State Court Action is being removed within the statutorily allowed thirty (30) day period after the date Bank One was served with or otherwise received a copy of the initial pleading and citation.

3.      The Plaintiffs' State Court Action may be removed to this Court because diversity of citizenship exists under 28 USC §1332(a). Plaintiffs are residents of the State of Texas. Bank One is a national banking association organized and existing under the laws of the United States,

950565.20030426/192000.01

with its charter issued by the Comptroller of the Currency, and with its headquarters and principal place of business in Chicago, Illinois. Bank One is a citizen of the State of Illinois for diversity of citizenship purposes. See 28 U.S.C. §1348; *Bank One, N.A. v. Euro-Alamo Investments, Inc.*, 211 F.Supp.2d 808, 810 (N.D. Tex. 2002); *Firstar Bank, N.A. v. Faul*, 253 F.3d 982 (7th Cir. 2001).

4.     Bank One is entitled to remove this case because it is not a citizen of the State of Texas and does not maintain its principal place of business in the State of Texas. See 28 U.S.C. §1332(a)(1) and §1441(a).

5.     Plaintiffs allege damages in excess of $100,000.00 and seek punitive damages of $100,000.00. Therefore it is certain and clear from the face of Plaintiffs' petition that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *St. Paul Mercury Indemnity Co. v. Red Cab. Co.*, 58 S. Ct. 586, 303 U.S. 283 (1938).

6.     Removal to the U.S. District Court for the Southern District of Texas, Brownsville Division, is proper because this district and division embrace Cameron County, Texas, where the State Court Action was filed. See 28 U.S.C. §1441(a).

7.     Promptly after filing this Notice of Removal, written notice thereof will be given to Plaintiff and a copy of this Notice of Removal will be filed with the County Clerk of Cameron County, Texas, as provided by law. (A true and correct copy of the Notice being filed with the County Clerk of Cameron County, Texas, is attached as Exhibit "B.")

For the foregoing reasons, Defendant Bank One prays that the State Court Action be removed to United States District Court for the Southern District of Texas, Brownsville Division.

2

Respectfully submitted,

By: _____

S. David Smith
State Bar No. 18682550
Bank of America Center
700 Louisiana, 25th Floor
Houston, Texas 77002
Telephone: (713) 220-9147
Telecopier: (713) 223-9319

OF COUNSEL:
HIRSCH & WESTHEIMER, P.C.
Bank of America Center
700 Louisiana, 25th Floor
Houston, Texas 77002
Telephone: (713) 223-5181
Telecopier: (713) 223-9319

ATTORNEY IN CHARGE FOR
DEFENDANT BANK ONE, NA

## CERTIFICATE OF SERVICE

I, S. David Smith, hereby certify that a true and correct copy of the foregoing document was served upon Plaintiffs' counsel by placing a copy thereof in the United States mail, postage prepaid, certified, return receipt requested, receipt number 7001 2510 0000 4632 5727 on this 5th day of June, 2003, addressed as follows:

Mr. Alfredo Padilla
1000 E. Van Buren
Brownsville, Texas 78520

_____
S. David Smith

950565.20030426/192000.01

3


CT System

Service of Process Transmittal Form
Dallas, Texas

05/19/2003

Via Federal Express (2nd Day)

TO: Julie Lepri
Bank One Corporation
MC IL 0287
One Bank One Plaza
Chicago, IL 60870
EMAIL: JULIE_LEPRI@BANKONE.COM

RECEIVED BY LAW DEPARTMENT

RE:     **PROCESS SERVED IN TEXAS**                         MAY 2 1 2003

FOR     Bank One, N. A. Domestic State: N/A                 JULIE A. LEPRI

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

1. TITLE OF ACTION:            Yolanda P. Vela and Robert Vela, Jr. vs Bank One N.A.

2. DOCUMENT(S) SERVED:         Citation, Pltfs' Original Petition, Exhibits

2. COURT:                      County Court at Law 3, Cameron CO., TX
                               Case Number 2003CCL00462C

4. NATURE OF ACTION:           Alleging deft. breached the terms of condition of the financing agreement regarding an
                               automobile.

5. ON WHOM PROCESS WAS SERVED: CT Corporation System, Dallas, Texas

6. DATE AND HOUR OF SERVICE:   By Certified mail on 05/19/2003 with Postmarked Date 05/15/2003

7. APPEARANCE OR ANSWER DUE:   10:00 a.m. Monday next after expiration of 20 days

8. ATTORNEY(S):    Alfredo Padilla
                   1000 E. Van Buren
                   Brownsville, TX 78520

9. REMARKS:     According to the records of our office our services have been discontinued in this state.

SIGNED      CT Corporation System

PER         Shirley A. Dillon
ADDRESS     350 North St. Paul Street
            Dallas, TX 75201
            SOP WS 0006388253

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference
for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any
information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the
appropriate action.


EXHIBIT
A

FROM RBBO+MR+DALLAS 214 290 7759 TO 917132239319 P.03/15
MAY 21 2003 16:33
31272322596 PAGE.03

Citation for Personal Service — BY CERTIFIED MAIL        Lit. Seq. # 5.003.01

## No. 2003-CCL-00452-C

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: BANK ONE N.A.
    BY SERVING REGISTERED AGENT:C.T. CORP SYSTEM
    350 N. ST. PAUL
    DALLAS, TEXAS 75201

the        DEFENDANT        , GREETING:

You are commanded to appear by filing a written answer to the Plaintiff's
ORIGINAL PETITION

at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable County Court At Law No. 3 of Cameron County at the Court House of said county in Brownsville, Texas.

Said Plaintiff's Petition was filed in said court, by
     HON. ALFREDO PADILLA     (Attorney for Plaintiff or Plaintiff),
whose address is 1000 E. VAN BUREN STREET BROWNSVILLE, TX 78520
on the 14th day of    MAY   , A.D. 2003, in this case numbered 2003-CCL-00452-C
on the docket of said court, and styled,

YOLANDA P VELA AND ROBERT VELA, JR.
vs.
BANK ONE N.A.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's        ORIGINAL PETITION

accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, this the 14th day of ___ MAY ___, A.D. 2003.

JOE G. RIVERA        , County Clerk
Cameron County
974 E. Harrison St.
(P.O. Box 2178)
Brownsville, Texas 78522-2178

By: _____, Deputy
     LUCILA CARDENAS

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the 14th of MAY , 2003, I mailed to

BANK ONE N.A.
by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO.   27374926
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

JOE G. RIVERA        , County Clerk
Cameron County, Texas

By: _____, Deputy

---

**ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE**

Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.

NAME OF PREPARER        TITLE

ADDRESS

CITY        STATE        ZIP

sales to the general public.

BANK ONE N.A. can be served by serving by serving their registered agent, C.T. Corp System, 350 N. St. Paul, Dallas, Texas 75201, by certified mail, return receipt requested, restricted delivery.

## II.

## JURISDICTION

Jurisdiction in this Court is proper pursuant to Tex. Govt. Code Ann. Section 25.0332(a)(2). Plaintiff has been injured in an amount that exceeds the minimum jurisdictional limits of this Court.

This suit for damages arose from and was connected with purposeful acts committed by Defendant against Plaintiffs within Cameron County, Texas. Plaintiffs contracted with Defendant to finance an automobile in Cameron County, Texas, and Defendant breached the terms of condition of the financing agreement between the parties in Cameron County, Texas, and wrongfully repossessed the vehicle in Cameron County, Texas.

## III.

## VENUE

Venue is proper in this Court pursuant to Tex. Civ. Prac. & Rem. Code Ann. Section 15.001 in that Cameron County is the county in which all or part of the cause of action accrued. This is the county in which the parties have agreed in writing to perform an obligation, to wit, the financing of a vehicle purchased by Plaintiffs in Cameron County, Texas.

PLAINTIFFS' ORIGINAL PETITION                                    2

## IV.

### AGENCY

Whenever in this petition it is alleged that Defendant did any act or thing, it also means that Defendant's agents, servants, employees, or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of Defendant or was done in the normal and routine course and scope of employment of Defendant's agents, servants, employees or representatives.

## V.

### STATEMENT OF FACTS

On or about October 7, 1996, Plaintiffs visited Cardenas Motors, Inc. which is an automobile dealership in Brownsville, Texas, for the purpose of purchasing a vehicle for their personal use. The Plaintiffs made a decision to purchase a 1997 Dodge Neon bearing serial number 1B3ES27CIVD137980. After negotiating the final purchase price with the dealership a loan was taken with BANK ONE to finance the balance of the purchase price on the 1997 Dodge Neon automobile. The Plaintiffs signed a note with BANK ONE to make forty-eight monthly payments and were advised that a balloon payment would be due at end of the terms of the note

After completion of the forty-seventh payment the Plaintiffs refinanced their note with BANK ONE. Plaintiff YOLANDA VELA proceed to make the monthly payments when due. Subsequently BANK ONE requested certain payments aside of the monthly payments including a payment of $1,000.00. The Plaintiffs forwarded the

PLAINTIFFS' ORIGINAL PETITION                                                    3

monthly payments and other lump sum payments. Thereafter BANK ONE forwarded to Plaintiffs the original title and a refund check for overpayment and advised the Plaintiffs that the vehicle and the note were paid in full, all as per the attached Exhibits "1" and "2" which are attached and included herein as if copied verbatim.

Thereafter BANK ONE hired a repossessing agent and proceeded to repossess the vehicle from Plaintiffs alleging that the Plaintiffs were delinquent in their payment and Plaintiffs were advised by Defendant that they did not intend to honor the acts constituting the forwarding of the original title and refund check to Plaintiffs. During this time the Plaintiffs had advised BANK ONE that they were in possession of the title and referenced letters showing that the note was paid in full.

Repeated requests were made by Plaintiffs to Defendant during the 2001 and 2002 to resolve the issue to no avail and Defendants proceeded to repossess the vehicle with no notice to Plaintiffs. The repossession agent of Defendant proceeded to repossess the car and openly accused the Plaintiff YOLANDA VELA at her place of employment and in front of other of her co-workers that the vehicle was being repossessed for non-payment of the note. Plaintiff YOLANDA VELA attempted to explain to the repossessing agent that she was in possession of the original title showing that BANK ONE had released the lien and further attempted to show a copy of the refund check and letter wherein BANK ONE acknowledged full payment of the debt. Repossessing agent failed to take any action on said representations and removed the car from Plaintiff YOLANDA VELA

PLAINTIFFS' ORIGINAL PETITION                                    4

place of employment and in front of Plaintiff YOLANDA VELA's employer and co-workers.

## VI.

### JUSTICIABLE CONTROVERSY

Despite the existence of said contractual provisions including, by virtue of the deposit of payment by Plaintiffs and acknowledgment by Defendant that the vehicle was being paid, as well as the reduction of the specific terms of the contractual arrangement already in force and effect by virtue of the sales agreement and acceptance of the payments, Defendant BANK ONE, repossessed the vehicle the subject of the this suit and disposed of said vehicle without authority.

To this extent Defendant has converted the vehicle which was purchased by Plaintiff. Defendant through its agents have represented that there were payments due when in fact the documents in Defendant's possession and notices to Plaintiffs indicated the vehicle had been paid in full by Plaintiffs.

## VII.

### DECLARATION SOUGHT

The Plaintiff, in light of the foregoing respectfully request that the Court declare that the Plaintiffs had a binding purchase agreement, in full force and effect, with the Defendant, which agreement has been performed by the Plaintiff by virtue of the Plaintiff making the necessary payments for purchase and that the Defendant has breached the agreement between the parties by repossessing the vehicle and that Plaintiff has been damaged as

PLAINTIFFS' ORIGINAL PETITION                                      5

result of said breach.

## VIII.

### PLAINTIFF FIRST CAUSE OF ACTION

The Plaintiffs, YOLANDA VELA and ROBERT VELA, JR. respectfully requests that the Court declare that Plaintiff has a binding sales agreement, in full force and effect with Defendant BANK ONE, and that Defendant herein has breached said agreement and as a result of such breach the Plaintiffs have suffered damages in excess of the minimum jurisdictional amounts.

Plaintiff herein makes claims for damages against Defendant BANK ONE resulting from the breach by Defendant including the initial deposit, interest on said funds, time spent by Defendant in retrieving the monies for the full purchase price, interest on the funds retrieved and attorney fees for recovery the monies due to Plaintiffs.

Plaintiffs would further show that they are entitled to consequential and special damages arising from the breach by Defendant of the agreement between the parties. Plaintiff would show that Plaintiff's agents were advised and made aware that the Plaintiff was in possession of the title and documents showing that the vehicle purchase price was paid in full. As a result of Defendant's actions in repossessing the vehicle the subject of the lawsuit Plaintiff has suffered much anguish and mental suffering. As a result of said action Plaintiffs have been harmed in excess and $100,000.00 and hereby sues for said amounts.

Plaintiff has retained the firm of ALFREDO PADILLA to

PLAINTIFFS' ORIGINAL PETITION                                          6

represent her in this action and has agreed to pay the said law firm reasonable and necessary attorney fees. Therefore, an award of reasonable and necessary attorney fees to the Plaintiff would be equitable and just, as authorized by Section 37.009 of the Texas Civil Practice and Remedies Code. Accordingly, Plaintiff respectfully requests that the Court, in addition to making the foregoing declaration, award to the Plaintiff her reasonable and necessary attorney fees for any and all causes of actions included herein, where applicable.

## X.

### SECOND CAUSE OF ACTION

Without waiving any of the foregoing and in addition thereto Plaintiffs would show that the Defendant was negligent in selling the vehicle which had been purchased by Plaintiffs. On the occasion in question Defendant acted in negligent manner because Defendant violated the duty which he owed to Plaintiffs to exercise ordinary care in caring for Plaintiffs, vehicle in the following particulars:

(a) In failing to maintain a system wherein purchased vehicles are timely released;

(b) In failing to inform Plaintiffs that the 1997 Neon would be repossessed irregardless of representation of full payment being made by Defendant to Plaintiffs;

(c) In failing to credit all monies paid as against the 1997 Neon the subject of the lawsuit;

Each of such acts or omission, singularly or in combination

PLAINTIFFS' ORIGINAL PETITION                                    7

with others constituted negligence which proximately caused the loss of the vehicle by Plaintiff and resulting damages.

Plaintiffs would show that, as a proximate result of the negligent act of the Defendant, Plaintiffs have sustained special damages through the loss of the use and enjoyment of the vehicle from the time of the act of negligence. In the alternative, Plaintiffs requests that if it is found that Plaintiffs are not entitled to be compensated for their special damages but are entitled to be compensated for the reasonable rental value of a vehicle from the date of loss until replaced, Plaintiffs request said damages. In the alternative, if it is determined that Plaintiffs are limited to the recovery of interest as compensation from the loss of use and enjoyment of the vehicle, Plaintiffs would show that they are entitled to such interest from the date upon which Plaintiff deposited the payments for which credit was not given by Defendant.

Plaintiff would further show that as a result of the negligence of the Defendant as aforesaid was of such a character as to make Defendant guilty of gross negligence. The actions of Defendant involved such entire want of care as could only have resulted from the conscious indifference to the rights or welfare of Plaintiff, and Plaintiff hereby sues for exemplary damages for said negligence in the sum of $100,000.00.

XI.

### THIRD CAUSE OF ACTION

Without waiving any of the foregoing and in addition thereto

PLAINTIFFS' ORIGINAL PETITION                                                    8

Plaintiffs would show that Defendant represented that their financial services with Plaintiffs would be off a particular standard and quality when there was inferior quality requirements. Such misrepresentation connotes a violation of Section 17.46(b) of the Texas Deceptive Trade Practices Act.

Plaintiffs herein allege that Defendant represented to Plaintiffs that the vehicle was paid in full and returned an overpayment when in fact the Defendant knew that they would not be correct their error. Such knowing deception connotes a violation of Section 17.46(b) of the Texas Deceptive Trade Practices Act.

Defendant engaged in a course of conduct designed to take advantage of YOLANDA VELA and ROBERT VELA, JR.'S lack of knowledge, ability, experience and capacity by making false representations and failing to comply with all the requirements as represented to Plaintiffs by Defendant.

Accordingly Defendant, impliedly warranted that financial services for the vehicle would be tendered and actually tendered, were reasonably fit for the ordinary purpose for which they were to be used and the contracted services would be completed and be of adequate quality.

Defendant's conduct as described above was a producing cause of Plaintiffs' actual damages. As a result, Plaintiffs sustained actual damages in that Plaintiffs are forced to be without the vehicle that they purchased and Plaintiff herein has suffered losses as result of delays in delivery of the vehicle purchased.

On October 22, 2001, Plaintiff gave written notice to

PLAINTIFFS' ORIGINAL PETITION                                              9

Defendant advising of Plaintiff's specific complaints and amount of actual damages and expenses, including attorney's fees, reasonably incurred by Plaintiff in asserting the claim against Defendant. Said notice was mailed certified mail, return receipt requested and was claimed by Defendant. A true and correct copy of the written notice is attached as Exhibit "3" and incorporated by reference as same as if fully copied and set forth at length.

The conduct of the Defendant as described in this petition was committed knowingly; that is, Defendant was actually aware of the falsity, deception, and unfairness of the conduct about which Plaintiff complains and was actually ware of the acts constituting the breach of warranty described above. Accordingly, Defendant is liable to Plaintiff for additional damages as provided by the Texas Deceptive Practices-Consumer Protection Act.

Defendant's conduct as described in this petition and the resulting damages and loss to Plaintiffs have necessitated Plaintiffs retaining the attorney whose name is subscribed to this petition. Plaintiffs are therefore entitled to recover from Defendant an additional sum to compensate Plaintiffs for a reasonable fee for such attorney's services in the preparation of this action, as well as reasonable fee for any and all appeals to other courts.

Plaintiff would show that Defendant acted with conscious disregard for the rights of others and/or committed wilful fraud which actions give rise to punitive damages in the amount of ONE HUNDRED THOUSAND AND NO/100 ($100,000.00) DOLLARS.

<u>**PLAINTIFFS' ORIGINAL PETITION**</u>                                    10

IV.

## FOURTH CAUSE OF ACTION

Plaintiff ROBERT VELA, JR. would show further show that he had an interest in said vehicle and said interest was taken from him without due course and in violation of his property rights. Plaintiff Robert Vela's interest in the property was converted by BANK ONE for their personal use without any compensation and Defendant is liable for conversion of said property. Plaintiff herein seeks damages for said wilful acts of Defendant.

WHEREFORE Plaintiffs YOLANDA VELA and ROBERT VELA, JR. request the Defendant BANK ONE, N.A. be cited to appear and answer, and that on final trial, Plaintiffs have judgement against Defendant as follows:

1. Judgment against Defendant for actual damages in an amount in excess of the minimum jurisdictional limits of the Court.

2. Further damages by reason of Defendant knowing fraudulent misconduct in accordance with the provision of Section 17.50 (b)(1) of the Business and Commerce Code.

3. Special and consequential damages in an amount in excess of the minimum jurisdictional limits of the Court.

4. Exemplary damages in an amount in excess of the minimum jurisdictional limits of the Court.

4. Prejudgment interest as provided by law.

5. Attorney's fees.

6. Post-Judgment interest as provided by law.

7. Punitive damages in the amount of $100,000.00.

PLAINTIFFS' ORIGINAL PETITION                                    11

8. Costs of suit.

9. Such other and further relief to which Plaintiffs may be justly entitled, in equity or law.

Respectfully submitted,

ALFREDO PADILLA
Attorney for Plaintiffs
  YOLANDA VELA and
  ROBERT VELA, JR.
State Bar No. 15404600
1000 E. Van Buren
Brownsville, Texas 78520
(956) 544-7100
Fax (956) 544-0647

PLAINTIFFS' ORIGINAL PETITION                                    12

CAUSE NO. 2003-CCL-462-C

| | | |
|---|---|---|
| YOLANDA P. VELA<br>AND ROBERT VELA, JR. | §<br>§<br>§ | IN   THE   COUNTY   COURT |
| VS. | §<br>§ | AT LAW NUMBER THREE (3) |
| BANK ONE, NA | §<br>§ | CAMERON   COUNTY,   TEXAS |

### COPY OF THE
### NOTICE OF REMOVAL OF CIVIL ACTION FILED IN THE
### UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

Attached hereto is a true and correct copy of a Notice of Removal of Civil Action

removing the above styled case to the United States District Court for the Southern District of

Texas, Brownsville Division.

Respectfully submitted,

By: _S. David Smith_

S. David Smith
State Bar No. 18682550
Bank of America Center
700 Louisiana, 25th Floor
Houston, Texas 77002
Telephone: (713) 220-9147
Telecopier: (713) 223-9319

OF COUNSEL:
HIRSCH & WESTHEIMER, P.C.
Bank of America Center
700 Louisiana, 25th Floor
Houston, Texas 77002
Telephone: (713) 223-5181
Telecopier: (713) 223-9319

ATTORNEY IN CHARGE FOR
DEFENDANT BANK ONE, NA



EXHIBIT
B

## CERTIFICATE OF SERVICE

I, S. David Smith, hereby certify that a true and correct copy of the foregoing document was served upon Plaintiffs' counsel by placing a copy thereof in the United States mail, postage prepaid, certified, return receipt requested, receipt number 7001 2510 0000 4632 5727, on this 5th day of June, 2003, addressed as follows:

Mr. Alfredo Padilla
1000 E. Van Buren
Brownsville, Texas  78520

S. David Smith

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

YOLANDA P. VELA                    §
AND ROBERT VELA, JR.               §
                                   §    CIVIL ACTION NO. **B-03-106**
VS.                                §
                                   §
BANK ONE, NA                       §

## ATTACHMENT TO CIVIL INFORMATION SHEET

Removal of *Yolanda P. Vela and Robert Vela, Jr. vs. Bank One, NA*
No. 2003-CCL-462-C, In the County Court at Law No. 3, Cameron County, Texas

1.    Executed process is on file in this matter.

2.    All pleadings in the case have been attached to the Notice of Removal.

3.    No orders have been signed by the County Court Judge.

4.    Defendant will supplement with the docket sheet as soon as it is received.

5.    **INDEX OF MATTERS BEING FILED**:

      a.    Plaintiffs' Original Petition with proof of service

      b.    Notice of Removal of State Court Action

      c.    Copy of Notice of Removal of State Court Action filed in County Court

      d.    Form JS 44 with attachment

6.    Attorneys-In-Charge for Plaintiff

      Mr. Alfredo Padilla
      State Bar No. 15404600
      1000 E. Van Buren
      Brownsville, Texas  78520
      Phone: (956) 544-7100
      Fax:    (956) 544-0647

7.    <u>Attorneys-In-Charge for Defendant</u>

S. David Smith
State Bar No. 18682550
Hirsch & Westheimer, P. C.
700 Louisiana, 25th Floor
Houston, Texas 77002
Telephone: (713) 223-5181
Telecopier: (713) 223-9319

RUN DATE 06/24/03
RUN TIME 8:53 AM

06/13/03     NOTICE OF REMOVAL FILED (DTR/NS)

YOLANDA P VELA AND ROBERT VELA, JR.

VS

BANK ONE N.A.

*     *     *     *     *     *     *     *     *     *

(00074601) HON. ALFREDO PADILLA          (06)

C L E R K ' S   E N T R I E S

SUIT ON NOTE

MC

05/14/03     ORIGINAL PETITI
05/14/03     CITATION (CM) :
05/14/03          SERVED: 05/1
06/10/03     NOTICE OF REMOVA
06/10/03     OF THE NOTICE OI
06/10/03     NOTICE OF REMOVA
06/10/03     OF THE NOTICE OI
06/10/03     REMOVAL OF CIV
06/10/03     UNITED STATES D
06/10/03     COURT F/THE SO
06/12/03     BROWNSVILLE DIV
06/12/03     SENT TO COURT (
06/13/03     CIVIL ACTION)
06/13/03     FILE RCVD FROM
06/13/03     RCVD NOTICE OF I

State of Texas
County of Cameron
I, Joe G. Rivera, County Clerk of
Cameron County, Texas, do hereby certify
that the foregoing is a true and correct
copy of the original record now on file
and/or recorded by me in the CIVIL
2003-CCL-462-C     Records

6-24-03     Date
JOE G. RIVERA COUNTY CLERK
Cameron County, Texas
By                         Deputy

A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page  1  of  1

Michael N. Milby, Clerk of Court

JUL 07 2003
RECEIVED
Southern District of Texas
United States District Court