United States District Court
Southern District of Texas
FILED

JUN 1 1 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| YOLANDA P. VELA AND ROBERT VELA, JR. | § § § | |
| VS. | § § | CIVIL ACTION NO. B03-106 |
| BANK ONE, NA | § § | Judge Hanen |

## ORIGINAL ANSWER OF BANK ONE

Bank One, NA ("Bank One"), Defendant, files its original answer following removal, as follows:

### ANSWER

1. No admission or denial of Paragraph I is required.

2. As to the first sentence of Paragraph II, Bank One admits that the transaction in question occurred in Cameron County, Texas, but denies the remaining allegations of such sentence. Bank One admits the allegations of the second sentence of Paragraph II. To the extent that Bank One engages in indirect lending as it related to sales to consumers. Bank One admits that it is an institution one of whose purpose is to engage in lending of a broad variety of types. No admission or denial of the third sentence of Paragraph II is required.

3. As to the second Paragraph II (p.2), no admission or denial of the first sentence is required, and Bank One denies that Plaintiffs have been injured. Bank One denies the remainder of such paragraph.

4. As to Paragraph III, Bank One admits that venue is proper in the Southern District of Texas, Brownsville Division, but denies the allegations of the second sentence of such paragraph.

5. As to Paragraph IV, Bank One does not understand the scope of the general and disjunctive allegations of such paragraph, and thus denies such allegations.

6. As to the first paragraph of Paragraph V, Bank One admits that on or about October 7, 1996 Bank One financed the purchase of a 1997 Dodge Neon with VIN of 1B3E527C1VD137980. Bank One also admits that the Plaintiffs signed a Balloon Payment Guaranty Rider on October 7, 1996. Bank One further admits that the Rider and Retail Installment Sales Contract matured on November 22, 2000. Bank One does not have sufficient information to be able to either admit or deny the remaining allegations of such paragraph.

7. As to the second paragraph of Paragraph V, Bank One admits that Plaintiff Yolanda Vela entered into another promissory note and security agreement, this one dated February 1, 2001, secured by a lien on the Dodge Neon vehicle in question, but denies that Vela made all monthly payments when due. Bank One admits that Plaintiff Yolanda Vela was required to make a $1,000.00 initial payment pursuant to the terms and condition of the February 2001 note. Bank One admits that it forwarded to Plaintiff Yolanda Vela either the original or a copy of the certificate of title to the vehicle in question and that it forwarded to her a notice of the completion of the 1996 transaction, but not the 2001 transaction (the letter in question specifically references the loan number correlating to the 1996 note). Bank One denies all the allegations in the second paragraph of Paragraph V.

8. As to the third paragraph of Paragraph V, Bank One admits that it took possession of the vehicle in question because Vela was in default on the 2001 note. Bank One does not have sufficient information to form a belief of the truth of the remaining allegations of such paragraph.

9.  As to the fourth paragraph of Paragraph V, Bank One admits that the vehicle in question was repossessed, but does not have sufficient information to form a belief of the truth of the remaining allegations of such paragraph.

10. As to Paragraph VI, Bank One admits that the vehicle in question was repossessed, but denies the remaining allegations of such paragraph.

11. Bank One denies the allegations of Paragraph VII.

12. Bank One denies the allegations of Paragraph VIII except that Vela has retained an attorney.

13. Bank One denies the allegations of Paragraph X (there is no Paragraph IX).

14. Bank One denies the allegations of Paragraph XI, except that it received the October 22, 2001 communication from Plaintiffs' attorney.

15. Bank One does not have sufficient information on which to form a belief as to the truth of the first sentence of Paragraph XII, insofar as it alleges that Robert Vela, Jr. had an interest in the vehicle in question. Bank One denies the remaining allegations of such paragraph.

## AFFIRMATIVE DEFENSES

16. Without waiver of the foregoing, and in addition to same, Bank One asserts the following affirmative defenses. Yolanda Vela was in default of her obligation under the February 2001 note and therefore is barred from recovery under the doctrine of unclean hands. Pleading further, Plaintiffs have failed to fulfill all conditions precedent by failing to make the required payments.

17. Pleading in the further alternative, Bank One asserts the affirmative defenses of offset, estoppel, waiver, failure to mitigate and ratification.

18. Pleading in the further alternative, Plaintiff Robert Vela, Jr. is not a signatory to the February 2001 note. Therefore, Robert Vela does not have standing to sue.

19. Pleading in the further alternative, although Bank One denies that Plaintiffs may recover under a theory of negligence, Plaintiffs' alleged damages, if any, were caused in whole or in part by those other than Bank One, including Plaintiffs themselves.

PREMISES CONSIDERED, Bank One prays that Plaintiffs take nothing, that Bank One recover its costs and such other and further relief, general or special, at law or in equity, to which it is entitled.

Respectfully submitted,

By: _____
S. David Smith
State Bar No. 18682550
Bank of America Center
700 Louisiana, 25th Floor
Houston, Texas 77002
Telephone: (713) 220-9147
Telecopier: (713) 223-9319

ATTORNEY IN CHARGE FOR
DEFENDANT BANK ONE, NA

OF COUNSEL:
HIRSCH & WESTHEIMER, P.C.
Bank of America Center
700 Louisiana, 25th Floor
Houston, Texas 77002
Telephone: (713) 223-5181
Telecopier: (713) 223-9319

## CERTIFICATE OF SERVICE

I, S. David Smith, hereby certify that a true and correct copy of the foregoing document was served upon Plaintiffs' counsel by placing a copy thereof in the United States mail, postage prepaid, certified, return receipt requested, receipt number 7001 2510 0000 4631 5681 on this ___ day of June, 2003, addressed as follows:

Mr. Alfredo Padilla
1000 E. Van Buren
Brownsville, Texas 78520

_____
S. David Smith

950565.20030426/192037.01